[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter, the plaintiff claims that the defendant wrongfully has retained money resulting from the strict foreclosure of a condominium unit upon which the plaintiff was the holder of first mortgage.
Factually, one Lori Ann Mennilli, obtained a mortgage loan from the plaintiff upon a condominium unit which was included within property owned by Balance Rock Condominium Association, Inc., the defendant herein, referred to as "The Condo Association." Subsequently, Ms. Mennilli fell behind in both her mortgage payments and the common charges due the Condo Association. Under applicable statutory authority the Condo Association commenced foreclosure proceedings seeking recovery of the delinquent payments for the six-month period preceding the foreclosure action. Notice of the action was properly served upon the plaintiff and the plaintiff through house counsel filed an appearance in the matter.
The action proceeded on the court calendar to a judgment of strict foreclosure on December 27, 1993. The law day set by the court passed without intervention by the plaintiff to protect its interest secured by the mortgage and title vested in the defendant. The debt for unpaid common charges at the time of the foreclosure was $1814.26 together with the usual foreclosure fees and charges. The appraised value of the property was at the time of the hearing $50,000.00. Despite the considerable equity the court on motion of the defendant entered a judgment of strict foreclosure, the law days were then set and as noted they passed without any action by the plaintiff to protect its equity. The plaintiff in explaining its inaction through its witness, John Wallace, the Bank's counsel, that apparently the file on the case slipped through the cracks. There appears little question that the bank finds itself with no recovery on its secured interest solely by reason of inadvertence and carelessness. CT Page 1783
The defendant on the other hand found itself the owner of a condominium unit worth $50,000 at the time of the foreclosure according to the appraisal, for a debt of $1800 approximately. Upon obtaining title the condo association expended additional funds and finally sold the property with the net proceeds being $36,956.26. The association also paid approximately $10,000 in capital gains taxes and maintenance resulting in a "net profit" or gain to the association of $22,504.
It is the claim of the plaintiff that this sum represents an unjust enrichment for the defendant and should be returned to the plaintiff.
It is the position of the defendant that the plaintiff is not entitled to any recovery as the loss came about because of the plaintiff's mistake or negligence in failing to properly protect its interest after having had notice of the foreclosure action and its attorney filing an appearance in the case. The defendant also claims that the plaintiff's claim should be barred by the equitable defense of laches.
As to the defense of laches the court concludes that this special defense is inapplicable. This action to recover damages was brought within three years of the event which the plaintiff claims the defendant was unjustly enriched. The defense of laches does not apply unless there is an unreasonable, inexcusable and prejudicial delay in bringing suit. Paiva v. Vanech HeightsConstruction Co., 159 Conn. 512, 519. Based upon the fact that the plaintiff by mere inadvertence failed to institute its action sooner than it did, does not demonstrate that its delay was inexcusable nor was there any significant prejudice caused to the defendant by reason of the delay. The defendant points out that in the event of a recovery by the plaintiff, present members of the association may be required to contribute when they may not have been owners three years ago when the defendant association benefited by the plaintiff's oversight. In balancing the equities the court does not consider this to be significant prejudice so as to validate the defendant's claim of laches.
It should also be noted that the plaintiff in this action does not claim that the judgment of foreclosure should be reopened and set aside but is seeking simply money damages on the basis of the theory previously set forth.
Turning to the plaintiff's claim of unjust enrichment, the CT Page 1784 case of Polverari v. Peatt, 29 Conn. App. 191 at page 200, sets out the right of recovery for unjust enrichment. An equitable remedy, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. Cecio Bros., Inc. v. Greenwich,156 Conn. 561, 564. A plaintiff seeking such a recovery upon this theory must prove "(1) that the defendants were benefited; (2) the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of the payment was to the plaintiff's detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13.
As pointed out by the defendant in its trial brief at page 6. People's Bank, though highly respectable and usually (emphasis mine) responsive, suffered this loss by reason of its own inattention. The defendant suggests that had the plaintiff retained outside counsel such a paid representative presumably would have paid closer attention to the foreclosure action and the Bank would not have sustained the loss. The Bank explained that using house counsel was a means of economizing for the benefit of depositors and shareholders.
Under the circumstances presented in this case; that for a debt of $1800 approximately, the defendant received property worth $50,000 suggest that to allow such a windfall to be retained by the defendant would be inequitable and unjust. Accordingly, the court concludes that the plaintiff is entitled to recover the amount of the proceeds obtained by the defendant through the sale of the condominium unit obtained through the strict foreclosure, less expenses incurred by the defendant. These were listed on page 3 of the defendant's trial brief of July 20, 1998 and the court adopts them as set out therein resulting in damages due the plaintiff in the amount of $22.504.80.
Judgment is entered accordingly together with allowable costs.
RIPLEY, J.